

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00055-CR

JANET LEE GUAJARDO, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 114th District Court
Smith County, Texas
Trial Court No. 114-0889-20

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

On December 10, 2020, Janet Lee Guajardo, pursuant to a plea agreement, pled guilty to abandoning or endangering a child[1] and was placed on community supervision for a period of five years.[2] In January 2023, the State moved to revoke Guajardo's community supervision and to sentence her to two years' incarceration in state jail. The State's motion alleged, among other things, that Guajardo failed to complete community service hours and obtain her GED as required by the court's community supervision terms and conditions. Guajardo pled true to four of the allegations and, after an evidentiary hearing, the trial court granted the State's motion. Guajardo was sentenced to fifteen months' incarceration.

Guajardo's appellate counsel filed a brief stating that she reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the trial court proceedings. Since counsel provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

---

[1]*See* TEX. PENAL CODE ANN. § 22.041(c) (Supp.).

[2]Guajardo was sentenced to two years in a state jail facility, with the sentence suspended.

2

By letter of June 8, 2023, counsel sent Guajardo copies of the *Anders* brief and a motion to withdraw and informed Guajardo of her rights to review the record and file a pro se response. Guajardo did not request a copy of the appellate record. On July 11, 2023, this Court notified Guajardo that her pro se response was due on August 10, 2023. Guajardo did not file a responsive brief, and on August 24, 2023, this Court notified her that her case would be submitted to the Court on September 14, 2023.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

We affirm the trial court's judgment.[3]

Charles van Cleef
Justice

Date Submitted:     September 14, 2023
Date Decided:       September 15, 2023

Do Not Publish

---

[3]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* Tex. R. App. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* Tex. R. App. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* Tex. R. App. P. 68.4.